IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TUCKER KAUFMAN,

    Plaintiff,

v.

CENTRAL RV, INC.,

    Defendant.

Case No. 21-2007-SAC-ADM

**MEMORANDUM AND ORDER**

    This matter comes before the court on defendant Central RV, Inc.'s ("Central RV") Motion to Strike Certain Allegations from Plaintiff's Complaint. (ECF 10.) By way of this motion, Central RV asks the court to strike five paragraphs from plaintiff Tucker Kaufman's ("Kaufman") complaint as immaterial (or irrelevant), impertinent, severely prejudicial, and/or scandalous. As explained below, the court denies the motion because Central RV has not met its burden to show that striking these paragraphs is warranted under Rule 12(f).

**I.    BACKGROUND**

    According to the complaint, Kaufman purchased a travel trailer from Central RV in 2018 that had previously sustained storm damage and was declared a total loss by an insurance company. Kaufman alleges that Central RV did not disclose this information before he purchased the travel trailer, nor did Central RV make any repairs to the travel trailer. Kaufman alleges that he has sustained damages as a result of Central RV's conduct and now brings claims against Central RV for (1) violations of the Kansas Consumer Protection Act ("KCPA"); (2) fraud; (3) fraud by silence; (4) fraudulent misrepresentation; (5) negligence; (6) negligent misrepresentation; and (7) conversion. Kaufman also seeks an injunction "directing Central RV to disclose all vehicle

1

history, including prior damage and branding, to consumers when selling vehicles now and in the future." (ECF 1, at 23-24.)  Right after Central RV filed its answer, it filed the current motion to strike five paragraphs from the complaint relating to its alleged history of engaging in similar behavior with other consumers and the fines the company was required to pay to the Kansas Attorney General.  (ECF 10 & 11.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike "are a generally disfavored, drastic remedy." *Home Quest Mortg., L.L.C. v. Am. Fam. Mut. Ins. Co.*, 393 F. Supp. 2d 1096, 1099 (D. Kan. 2005).  "The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).  Challenging the factual support for an allegation through a motion to strike is inappropriate. *Id.* at 1216.  Further, if a plaintiff pleads facts that "aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Id.* at 1215-16.  The court should resolve "[a]ny doubt as to the utility of the material to be stricken . . . against the motion to strike." *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).  "[T]he decision to grant a motion to strike is within the discretion of the court." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004).

## III.   ANALYSIS

Central RV asks the court to strike five paragraphs from Kaufman's complaint on various grounds.  (ECF 11, at 5-6.)  Kaufman states that he "is generally ambivalent about whether the motion is granted or denied, so long as he is permitted to put on evidence and argument pertaining

2

to the other instances of similar misconduct by [Central RV] at trial (and in the event of any dispositive motion)." (ECF 13, at 3.) Ultimately, however, he advances arguments that the court should deny the motion to strike as untimely and also on the merits.

### A. The Court Will Not Deny Central RV's Motion as Untimely.

The court first addresses Kaufman's argument that Central RV's motion is untimely. A court may strike material from a pleading on its own or act on a motion to strike made by a party "*before* responding to the pleading." FED. R. CIV. P. 12(f) (emphasis added). On February 9, Central RV filed its answer at 12:26 p.m. and then filed the current motion four minutes later, at 12:30 p.m. While the motion was technically filed after the answer, the documents were essentially filed simultaneously such that the motion may be deemed filed first. *See* 5C ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1361 (3d ed.) (noting that courts will view a Rule 12(b) motion filed simultaneously with an answer "as having preceded the answer and thus . . . timely"). Further, the court is empowered to consider striking matters from a pleading on its own volition, even if Central RV had not filed the current motion. The court will therefore not deny Central RV's motion to strike as untimely. *See Nkemakolam v. St. John's Mil. Sch.*, 876 F. Supp. 2d 1240, 1246 (D. Kan. 2012) (declining to deny on timeliness grounds a motion to strike filed seven minutes after the answer, stating that the filings were "essentially simultaneous" and "the Court may strike matters from a pleading on its own motion at any rate").

### B. Central RV Has Not Shown That the Allegations at Issue Should Be Stricken.

The court now turns to the merits of the motion. Central RV asks the court to strike the following paragraphs from Kaufman's complaint as immaterial (or irrelevant), impertinent, and severely prejudicial to Central RV:

> 1. Central RV, Inc. has a lengthy and colored history of washing salvaged titles of travel trailers and re-selling them to

3

> unsuspecting consumers without ever disclosing the prior damage history of the travel trailers.
>
> 2.   Central RV, Inc.'s practice of manipulating Kansas law to perpetuate this fraud on consumers led the Kansas legislature to amend existing laws in 2016 to specifically address this issue.
>
> 3.   In 2019, Central RV, Inc. was even required to pay the Kansas Attorney General $30,000.00 in fines plus $10,000 to cover legal and investigation expenses.
>
> 8.   Central RV has become a master at manipulating unsuspecting customers into purchasing salvage travel trailers and travel trailers with prior damage at high retail prices, allowing itself to inflate profit margins.
>
> 160.   Central RV has a longstanding practice of failing to disclose vehicle history, including prior damage and branding, as required by Kansas law to consumers.

(ECF 11, at 2-3, 5-6.)  Central RV also argues that Paragraphs 3 and 160 should be stricken as scandalous.  (*Id.* at 6.)   As discussed in further detail below, Central RV has not met its "demanding" burden to show that the paragraphs at issue should be stricken.  *Home Quest Mortg.*, 393 F. Supp. 2d at 1100.

### 1.   The Paragraphs Are Not Immaterial or Impertinent.

Central RV first contends that all five paragraphs are immaterial (or irrelevant) and impertinent.  Immaterial matter is "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material."  *Baxter v. Cent. RV, Inc.*, No. 19-2179-CM-TJJ, 2019 WL 2423344, at *2 (D. Kan. June 10, 2019).  Courts examine the relevance of allegations to determine if they are immaterial.  *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019) ("Courts in this Circuit treat this as a relevance inquiry.").  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Baxter*, 2019 WL 2423344, at *2 (quotation omitted).

"[I]mmaterial and impertinent matters often overlap considerably." *Jenkins*, 333 F.R.D. at 548 (quotation omitted).

The crux of Central RV's argument here is that allegations regarding the company's history and actions taken by the Kansas legislature and Kansas Attorney General are irrelevant because this case involves a single plaintiff and single transaction. (ECF 11, at 5-6.) Kaufman contends that Paragraphs 1-3, 8, and 160 generally relate to similar past conduct and are relevant to his claim for punitive damages and Central RV's intent to deceive consumers. (ECF 13, at 3-6.) Kaufman points out that he is required to plead intent with particularity for some of his claims, and he further contends that Central RV violated the KCPA by engaging in "a pattern of conduct." (*Id.* at 4-6.) He argues that the paragraphs at issue relate to Central RV's repeated conduct and intentional behavior.

The court agrees with Kaufman. Paragraphs 1-3, 8, and 160 are not immaterial or impertinent; rather, at this procedural juncture they are relevant to Kaufman's allegations that Central RV violated the KCPA, including through a pattern of conduct, and defrauded him. They are also relevant to Kaufman's claim for punitive damages. And although Central RV argues in a mostly conclusory fashion that the paragraphs are "severely prejudicial" (ECF 11 at 5 & 6), it has not demonstrated any prejudice.[1] The only non-conclusory argument that Central RV makes as to prejudice is that allegations regarding the Kansas legislature's actions supposedly taken in response to Central RV's fraudulent practices would "confuse an irrelevant issue . . . with the relevant issue of what occurred with respect to Plaintiff's trailer purchase." (*Id.* at 5.) But, again,

---

[1] Some courts have declined to require a moving party to show prejudice under Rule 12(f), noting that the plain language of the rule does not support such a requirement. *See Jenkins*, 333 F.R.D. at 548. Because courts in this District have generally considered prejudice on a motion to strike, the court does so here.

those allegations *are* relevant here because they bear on Central RV's alleged pattern of conduct and intent. The district judge may ultimately decide that evidence relating to the Kansas legislature should be excluded, but the court is not ruling on admissibility at this stage. *See Reinkemeyer v. Ironhorse Dental Grp., LLC*, No. 20-2514-KHV-JPO, 2021 WL 228160, at *3 (D. Kan. Jan. 22, 2021) (declining to strike allegations that a plaintiff had shown were relevant to her claims, but noting that the court was not "ruling on the ultimate admissibility of such evidence at this stage").

The court's determination that Paragraphs 1-3, 8, and 160 are not immaterial or impertinent is in line with Magistrate Judge James' order denying Central RV's motion to strike in *Baxter*. That case involved similar allegations against Central RV and the same attorneys that represent Central RV in this lawsuit. *See* 2019 WL 2423344, at *1 (discussing the plaintiffs' allegations that Central RV sold them a travel trailer without disclosing its salvage history). Indeed, some of the language at issue in *Baxter* is identical to the language Central RV complains about now, and Magistrate Judge James determined in that case that "[t]he allegations at issue are clearly relevant to Plaintiffs' claims." *Id.* at *3. Like in *Baxter*, Central RV has not shown that Paragraphs 1-3, 8, and 160 are immaterial, impertinent, or prejudicial. Therefore, the court will not strike them. *See Nwakpuda*, 14 F. Supp. 2d at 1215 ("The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

### 2. Paragraphs 3 and 160 Are Not Scandalous.

Central RV also argues that Paragraphs 3 and 160 should be stricken as scandalous. Material is scandalous if it "improperly casts a derogatory light on someone, most typically on a party to the action." *Jenkins*, 333 F.R.D. at 548 (quotation omitted). Where allegations are irrelevant, the court will strike them as scandalous "only if they degrade [the defendant's] moral

character, contain repulsive language, or detract from the dignity of the court." *Id.* at 549 (quotation omitted); *see also Baxter*, 2019 WL 2423344, at *3 (same). Relevant allegations are stricken as scandalous only if they fall into one of those categories and also "go into unnecessary detail." *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1185 (D.N.M. 2010); *see also Suman v. Geneva Roth Ventures, Inc.*, No. 08-2585-JWL-JPO, 2009 WL 10707504, at *1 (D. Kan. Feb. 9, 2009) (same).

Central RV does not explain why it believes Paragraphs 3 and 160 contain scandalous matter. As discussed above, the paragraphs—which concern fines and expenses that Central RV was allegedly required to pay to the Kansas Attorney General and the company's alleged practice of failing to disclose vehicle history—are relevant to Kaufman's claims that Central RV has engaged in a pattern of misconduct and acted with intent. Like Magistrate Judge James recognized in *Baxter*, these allegations are unflattering, but they are not scandalous. 2019 WL 2423344, at *3. These paragraphs do not degrade Central RV's moral character, contain repulsive language, or detract from the dignity of the court. *Cf. Jenkins*, 333 F.R.D. at 549 (in an employment discrimination case, striking allegations relating to a criminal investigation into the individual defendant as scandalous because they degraded her character); *D.M. ex rel. Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2018 WL 4222382, at *4 (D. Kan. Sept. 5, 2018) (in a medical malpractice case, striking paragraphs showing social media memes that referenced job dissatisfaction, children, general attitude, and drinking shared by a defendant nurse on Facebook). Central RV has failed to show that Paragraphs 3 and 160 are scandalous, and therefore the court will not strike them from the complaint. *See Nwakpuda*, 14 F. Supp. 2d at 1215 ("The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

## IV. CONCLUSION

Paragraphs 1-3, 8, and 160 contain allegations that are relevant to Kaufman's claims, and Central RV has not met its burden to show that striking these paragraphs from the complaint is justified under Rule 12(f).  The court therefore denies Central RV's motion.

**IT IS THEREFORE ORDERED** that defendant Central RV, Inc.'s Motion to Strike Certain Allegations from Plaintiff's Complaint (ECF 10) is denied.

**IT IS SO ORDERED.**

Dated March 3, 2021, at Topeka, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge