## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TUCKER KAUFMAN,

    *Plaintiff,*

 vs.              Case No. 21-2007-EFM

CENTRAL RV, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

 Plaintiff Tucker Kaufman asks that the Court take judicial notice of certain statutes of the States of Arkansas, Kansas, and Nebraska to aid in the resolution of his action against Defendant Central RV, Inc.  Specifically, Plaintiff asks that the Court take judicial notice of the following statutory provisions:

- A.C.A. § 27-14-2301 (providing definitions for Arkansas statutes governing disclosure of damage and repair on vehicle certificates of title);
- K.S.A. § 8-197 (as amended, July 1, 2010 and amended July 1, 2016) (defining "nonhighway vehicles" under Kansas vehicle registration statutes); and
- Neb. Rev. St. §§ 60-129 (defining "semitrailer" under Nebraska motor vehicle law), 60-133 (defining "trailer"), 60-136 (defining "vehicle"), and 60-171 (defining "salvaged" and "flood damaged" vehicles),

 A court's power to take judicial notice is governed by Fed. R. Evid. 201. Under that rule, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is

generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[1]  "[A] court may only notice 'matters that are verifiable with certainly.' "[2]  "That the courts are allowed to take judicial notice of statutes is unquestionable."[3]  Whether to take judicial notice is a matter for the discretion of the Court.[4]

Plaintiff argues that taking judicial notice of these statutes will aid the jury in understanding why the trailer did not require a salvage brand in Arkansas, as it was not "self-propelled."  Kansas similarly limited the requirements for salvage branding to "motor vehicles," but afterwards included trailers within the statute.  Finally, Plaintiff contends that the Nebraska statutes are relevant to show why a travel trailer contained a salvage brand in Nebraska, but not in Kansas.

Plaintiff represents that he has consulted with Defendant, who has consented to the request for judicial notice.  Defendant has filed no objection to Plaintiff's motion, which is granted both for good cause shown and pursuant to D. Kan. Rule 7.4(b).

---

[1] Fed. R. Evid. 201(b).

[2] *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (quoting *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir.

[3] *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980).

[4] *Estep*, 760 F.2d at 1063.

-2-

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to take Judicial Notice (Dkt. 102) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE