IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TUCKER KAUFMAN,

    *Plaintiff,*

vs.

    Case No. 21-2007-EFM

CENTRAL RV, INC.,

    *Defendant.*

**MEMORANDUM AND ORDER**

    Defendant Central RV, Inc. has moved for a protective order, seeking to stop five depositions noticed by Plaintiff Tucker Kaufman. Defendant argues these depositions, to be taken roughly one month before the scheduled trial commencing October 11, 2022, are untimely and improper. The Court directed expedited briefing on Defendant's motion, and the parties have submitted a response and reply consistent with that directive. For the reasons provided in this Order, Defendant's motion is granted in part and denied in part.

    Defendant notes that pursuant to the Second Amended Scheduling Order, discovery in the action ended November 9, 2021. It argues that Plaintiff's characterization of the scheduled depositions as "trial depositions" rests on a flawed understanding of civil procedure, citing *Watchous Enters. LLC v. Pac. Nat'l Capital*,[1] in which the Magistrate Judge observed that "[t]he

---

[1] 2019 WL 1569344 (D. Kan. 2019).

Federal Rules of Civil Procedure do not distinguish between 'trial depositions' and 'discovery depositions,' " and rejecting the idea that "trial depositions may be taken at any time, without regard to the discovery deadline in a scheduling order."[2] Accordingly, Defendant argues, Plaintiff should be permitted to conduct these depositions only if the factors identified in cases such *Estenfelder v. Gates Corp.*[3] support that relief. Recognizing Tenth Circuit authority holding that the exclusion of evidence on the grounds of untimeliness is a "drastic sanction,"[4] *Estenfelder* recognized the following factors relevant to the decision to bar such evidence:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.[5]

The Court finds that the application of these factors in the present action do not support the drastic sanction of barring four of the noticed depositions. First, the circumstances of the present case do not support a finding of unfair prejudice or surprise. Each of the challenged witnesses was specifically listed in Plaintiff's March 19, 2021 Rule 26(a)(1) disclosure.

In addition, these witnesses will apparently be testifying as to complaints of "title washing" which are similar to those presented by Plaintiff. That issue has been in the case since its inception. On February 9, 2021, Defendant moved pursuant to Fed. R. Civ. P. 12(f) to strike as scandalous some of the allegations in the Complaint, including the claim that Central RV had "a lengthy and colored history of washing salvaged titles."

---

[2] *Id*. at *1-2.

[3] 199 F.R.D. 351 (D. Colo. 2001).

[4] *Id*. at 355-56.

[5] *Id*. (quoting *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (105h Cir. 1997) (quoting *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980))).

Plaintiff responded by opposing the motion (which was ultimately denied by the Magistrate Judge), observing, "[i]n truth, Plaintiff is generally ambivalent about whether the motion is granted or denied, so long as he is permitted to put on evidence and argument pertaining to the other instances of similar misconduct by the Defendant at trial (and in the event of any dispositive motion)."

In the Pretrial Order, Plaintiff alleged:

Central RV's concealment of the storm damage, extent of the storm damage, and total loss history of the Cardinal was intentional, fraudulent, malicious, reckless, and/or with conscious disregard to Kaufman's rights. Central RV has a history of obtaining damaged, salvage, and/or total loss travel trailers, and then selling those travel trailers without disclosing the damage, salvage, and/or total loss history. Indeed, Central RV concealed important history about the Cardinal not even two months after a jury unanimously concluded, in *Morgan v. Central RV, Inc*., Case No. 17-2300-JPO (D. Kan.), that punitive damages were warranted against Central RV for concealing the salvage history of a travel trailer.

In addition to the *Morgan* action, Defendant also faced similar claims in *Baxter v. Central RV, Inc*.[6] Defendant is therefore likely aware the general testimony of Morgan and the Baxters.

According to Plaintiff, Morgan, Hermance and Wilson made similar consumer complaints against Defendant to the Kansas Attorney General, copies of which were given to Defendant during discovery in this action. Further, during the November 9, 2021 deposition of Kansas Attorney General representative Edward Burr, Plaintiff's counsel asked about the complaints against Defendant that had been filed by Baxter, Hermance, Chandler, Wilson and Morgan. Defendant could have asked follow up questions, but did not do so.

---

[6] Case No. 19-2179.

Defendant did not attempt to depose the listed witnesses in the present action, although they were expressly listed in Plaintiff's Rule 26 disclosure, and would testify to an issue which has been repeatedly advanced by Plaintiff. This reticence continues from prior litigation. In the *Morgan* action, Defendant moved to strike a number of plaintiff's witnesses from testifying at trial, on the grounds that these witnesses were not listed in the Rule 26 disclosures, including Ellen Hermance and Steven Wilson.

The court refused to exclude Hermance and Wilson as witnesses under Fed. R. Civ. P. 37(a), finding any failure to list the witnesses as harmless, since "defendant clearly knew about the remaining witnesses and their relationship to this case," and "there's no indication that plaintiff acted willfully or in bad faith."[7] The court further found that any prejudice from the trial testimony could be cured by allowing Defendant depose Hermance and Wilson. Accordingly, in its August 29, 2018 Order, the *Morgan* court allowed Defendant, "if it so chooses," three weeks to depose the witnesses for up to a hour each, in advance of the scheduled October 1, 2018 trial.[8] According to Plaintiff, Defendant declined the opportunity to depose either witness.

As the Court finds no substantial prejudice to Defendant (the first *Estenfelder* factor), the second factor, the ability to cure, does not come into play. The third factor is "the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court."[9] Here the challenged witnesses are not "unlisted

---

[7] *Morgan v. Central RV, Inc.*, 2018 WL 4111841, at *3 (D. Kan. 2018).

[8] *Id*.

[9] *Summers*, 132 F.3d at 604 (quoting *Burks v. Oklahoma Publ'g Co.*, 81F.3d 975, 978 (10th Cir.), *cert. denied*, 519 U.S. 931 (1996)).

witnesses," the scheduled depositions give Defendant more time in advance of trial than would have been permitted in *Morgan*, and the Court finds no basis for concluding that they would disrupt the trial of this action or any other case.

The Plaintiff has not explicitly articulated why he is serving notice of the depositions of these witnesses at this time. Such articulation would be helpful and appropriate. Still, the Court infers from the fact that the Baxters, Hermance, and Morgan live outside Kansas and the power of the Court to require their attendance at trial suggests that, absent the scheduled depositions and this Order, they would decline to appear and thus the jury would be deprived of hearing the testimony of four witnesses who may have relevant testimony on issues in the case. Reviewing the record, the Court finds no basis for inferring bad faith or willfulness on the part of Plaintiff, who has repeatedly manifested his intention to raise the issue of Defendant's historical business practices, through these witnesses.

Thus, the Court will not bar the scheduled depositions of Kirk Baxter, Lisa Baxter, Todd Morgan, and Ellen Hermance. In the interest of expedition in light of the upcoming trial, such depositions shall be limited to one hour, with one-half hour for direct examination and one-half hour for cross-examination.

However, the Court finds Plaintiff has failed to show good cause for the deposition of Steve Wilson. Plaintiff contends that Wilson is "outside the 100-mile subpoena power of the Court as he lives in Emporia, Kansas." Plaintiff represents that Wilson "lives exactly 105 miles from the Courthouse in Kansas City, Kansas."

Under Federal Rule 45(c)(1), the court may subpoena a witness to attend a trial:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

    (i) is a party or a party's officer; or

    (ii) is commanded to attend a trial and would not incur substantial expense.

Under Subparagraph (A), the Court has automatic power to compel attendance of persons within 100 miles of the courthouse. Under Subparagraph (B)(ii), the Court also has subpoena power over all Kansas residents, so long as their attendance would not result in "substantial expense."

Plaintiff does not explain why the extra five miles tips the scale, freeing Mr. Wilson from the Court's power to require his attendance at trial. In evaluating the factors relevant to motion to transfer an action from Topeka to Wichita, this Court has previously characterized as "doubtful" the contention that witnesses "traveling from northeastern Kansas to Wichita" would incur "substantial expense" within the meaning of Rule 45.[10] Other courts have found that travelling a similar distance is not a substantial expense with the meaning of the Rule.[11] Even if substantial expense existed, the Court could still issue a subpoena conditioned on the requirement that Plaintiff, the party serving the subpoena, pay for the travel.[12]

Plaintiff is precluded from deposing Mr. Wilson as scheduled on September 15, 2022.

---

[10] *Heavy Petroleum Partners, LLC v. Atkins*, 2010 WL 398089, at *3 (D. Kan. 201).

[11] *See Monroe v. Walmart Stores Texas, LLC*, 2012 WL 3887006, at *3 (E.D. Tex. 2012) (observing in conjunction with a motion to transfer that "most [of the witnesses] are located in Paris, Texas, which is approximately 114 miles from the Marshall courthouse [and] may be compelled to travel more than 100 miles for a trial in Marshall"); *Johnson v. Lewis*, 645 F.Supp. 578, 587 (N.D. Miss. 2009) ("Greenville is approximately 115 miles from Oxford, which meets the distance requirement in Rule 45(c)(3)(A)(ii)").

[12] *See Roberts v. Paris Regional Med. Ctr.*, 2018 WL 4221861, at *5 (E.D. Tex. 2018) (citing Fed. R. Civ. P. 45(c) advisory committee's notes to 2013 amendment).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc.116) is hereby **GRANTED IN PART,** and **DENIED IN PART**, as provided in the present Order.

**IT IS SO ORDERED**.

Dated this 1st day of September, 2022.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE