IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TUCKER KAUFMAN,

    *Plaintiff,*

vs.

    Case No. 21-2007-EFM

CENTRAL RV, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Tucker Kaufman's motion to permit the witness Annie Soukup to testify remotely at trial. (Doc. 125). Plaintiff proposes allowing Soukup to testify by Zoom videoconference, with Soukup testifying under oath and subject to cross-examination by Defendant, with the jury thereby being able to view the witness and judge her credibility. Following an Order for expedited briefing (Doc. 126), Defendant Central RV, Inc. has responded, opposing the motion.

Defendant argues that remote testimony is not justified under Kansas District Court Administrative Order 2022-03, as Plaintiff has failed to document that Soukup has any particularized health concerns related to COVID=19. However, Plaintiff's motion touched on the issue of Soukup's health only in passing. The primary basis for Plaintiff's request was that good cause exists for remote testimony given the practical burden this would place on Soukup,

who lives some 233 miles from the courthouse, and whose testimony will take approximately 20 to 30 minutes.

As a general matter, under Fed. R. Civ. P. 43(a), the "witnesses' testimony must be taken in open court."  However, the Rule also "provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court '[f]or good cause in compelling circumstances and with appropriate safeguards.' "[1]  Courts possess discretion to find good cause for remote testimony, and have "upheld the use of remote testimony in instances where the witness was located far from the site of the trial or hearing."[2]

As the Court noted in its Order of (Doc. 121, at 5-6), the Court may issue subpoena requiring the attendance at trail of any nonparty witness who lives in Kansas but more than 100 miles from the courthouse if he or she "would not incur substantial expense."[3]

Here, Defendant makes no effort to challenge Plaintiff's representation that Soukup's testimony will be very brief, or that she is a stay-at-home mother with two young children.  The Court finds that the witness's personal circumstances support the determination that compulsory attendance at trial would result in substantial expense, and that good cause exists for her to testify by remote videoconference under Rule 43(a).

---

[1] *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a)).

[2] *Id*. at 478 (citations omitted).

[3] Fed. R. Civ. Pr. 45(c)(1)(B)(ii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Permit Remote Testimony (Dkt. 125) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 28th day of September, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE